**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OM PROPERTIES & HOMES, LLC,

    Plaintiff,

vs.                                                                              CASE NO. 3:07-cv-999-J-32TEM

TRULY CUSTOM, INC.,
KAREN MARTIN-BROWN,
and, DAVID A. BROWN,

    Defendants.

_____

**O R D E R**

This case came before the Court on July 23, 2008 for a hearing regarding Plaintiff's Motion to Extend Time to File Notice of Appearance (Doc. #12) and Defendants' Motion Requesting Appointment of Counsel (Doc. #13).[1] Karen Martin-Brown and David A. Brown appeared in person for the hearing, ostensibly as representatives for Truly Custom, Inc. and themselves. Nicky Ramphir appeared by telephone, as a *de facto* representative for OM Properties & Homes, LLC. The Court inquired as to the corporate structure of Om Properties & Homes, LLC and Truly Custom, Inc. Both corporations continue to operate and conduct business.

The Court heard argument from the parties' representatives. Plaintiff's representative inquired into appointment of an attorney to represent Om Properties & Homes, LLC to litigate this case. Plaintiff's representative stated he could not afford an attorney. Defendants Karen Martin-Brown and David Brown affirmed that neither they

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

individually nor Truly Custom, Inc. could afford legal counsel. The Court advised the parties that corporations are artificial entities that may be heard in Court only through agents, and those agents must be attorneys licensed to practice before this court. See *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985); U.S. Dist. Ct., M. D. Fla. Loc. R. 2.03(e). The Court further advised there is no right to leal counsel in civil cases and Court appointment of voluntary *pro bono* attorneys is very limited.

Upon hearing the parties' arguments, a question of subject matter jurisdiction arose as there appears to be no diversity of citizenship between the parties. The issue of subject matter jurisdiction will be addressed by future Court order.

Having given due consideration to the above-referenced motions and argument of the parties, the Court determined the instant litigation involved issues too complex to permit waiver of legal counsel as required by Local Rule 2.03(e). The parties appear to be far apart on any voluntary settlement. The Court suggested the parties may desire voluntarily to seek private mediation outside the scope of this litigation to settle the disputes.

As to the currently pending non-dispositive motions, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Extend Time to File Notice of Appearance (Doc. #12) is **GRANTED to the extent** Plaintiff shall obtain legal counsel, who shall file notice of appearance with the Court by **August 20, 2008**. Plaintiff is cautioned that failure to follow an order of the Court may lead to imposition of sanctions, which may include, but are not limited to, monetary sanctions and possible dismissal of the case. Plaintiff failed to follow the Court's prior order directing retention of legal counsel (*see* Doc. #11), for which

sanctions have not been imposed. Plaintiff initiated this action and is responsible for prosecution of the case.

      2. Defendants' Motion Requesting Appointment of Counsel (Doc. #13) is **DENIED**. Upon consideration of the parties' arguments during the hearing, the Court found this case too complex to waive the application of Local Rule 2.03(e) requiring corporations to appear and be heard only through counsel. A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also, Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984). As noted during the course of the hearing, appointment of civil counsel is rare and is only made upon voluntary acceptance of appointment by a local attorney. Defendants Karen Martin-Brown and David Brown advised the Court that Truly Custom, Inc. continues to conduct business and operate as a corporate entity, albeit one that did not produce a profit last year. Accordingly, the Court directs Defendant Truly Custom, Inc. to obtain legal counsel, who shall file notice of appearance with the Court by **August 20, 2008.** Defendants Karen Martin-Brown and David Brown, individually, may continue in this case without benefit of counsel and proceed *pro se.*

      **DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Counsel of Record
*Pro Se* Parties